IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TAVARES EUGENE WILLIAMS,

    Petitioner,

v.                                    CASE NO. 1:11-cv-00022-MP-GRJ

WALTER A MCNEIL, SECRETARY DEPARTMENT OF CORRECTIONS,

    Respondents.

_____/

# O R D E R

This matter is before the Court on Doc. 40, the Report and Recommendations of the Magistrate Judge, recommending that the habeas petition be denied. The petitioner filed objections to the Report and Recommendation, Docs. 48 and 50, and the Court has conducted a de novo review of the objected-to portions of the Report and Recommendation. For the reasons which follow, the Report and Recommendation is accepted in part and recommitted to the Magistrate Judge in part.

The first and second grounds for relief are intertwined. Petitioner contends in his first ground for relief that his trial counsel was ineffective for failing to investigate and file a meritorious pretrial motion to suppress his confession and request a pre-trial hearing on the motion. As support for this claim, Petitioner argues that there was "ample evidence in support" of a pre-trial motion to suppress based on his assertion that his confession was not knowing and intelligent. Petitioner contends that "witnesses and records could have established" that he suffered from brain damage, post-traumatic stress disorder (PTSD), suicidal ideation, lack of prescribed medication for depression, exhaustion, and a propensity to be influenced by the style

and appearance of one of the interrogating detectives.  In his second ground for relief, Petitioner contends that counsel was ineffective for entering the Nixon waiver[1] prior to moving to suppress the confession. Success on this second ground depends on the success of the first ground regarding counsel's failure to file a motion to suppress.

The problem with both claims is that petition never alerted his counsel to alleged problems with his confession.  At the state evidentiary hearing on this claim, defense counsel and her supervisor testified that Defendant did not tell his attorneys anything about his mental state or police conduct during the confession that would have provided a good-faith basis to seek suppression or investigate further.  The court credited this testimony over defendant's testimony. Additionally, both the counsel and the supervisor testified that they reviewed the videotape of the confession and found no basis for objecting to it.  Nothing in the petition or objections supports the conclusion that it was attorney error to decline to move to suppress the confession. Thus, the timing of such a motion vis-à-vis the Nixon waiver is irrelevant, and both grounds 1 and 2 are without merit.

In ground 3, the petitioner argued that the victim had verbally and sexually abused him and that it was error for counsel to fail to investigate and present evidence of this abuse. However, counsel for defendant testified that petitioner never told her of such abuse, and nowhere in the competency determinations regarding petitioner did he indicate he had ever suffered such abuse by the victim.  Thus, the trial court's finding that counsel was not ineffective

---

[1] A Nixon waiver is where the defendant informs the Court that he knowingly and intelligently wishes to employ the tactic of effectively conceding guilt in order to concentrate on the sentencing phase of the trial, upheld by Nixon v. Singletary, 758 So. 2d 618 (Fla. 2000). Here, defendant agreed to concede to the jury that he had killed the victim but sought to argue that it was second degree murder or manslaughter rather than first degree.

because counsel never had reason to know about the abuse is reasonable.

In ground 4, petitioner argues that counsel should have filed a motion in limine to prevent admission of the following poem or prayer found in petitioner's bedroom in the apartment where the murder occurred:

> Forgive me, father, for I am about to sin. I'm not worthy of your love because I love to sin. I have tried and tried, but I have failed. What I am about to do will have me put in jail. So much anger, so much hate, it is time for me to let it out, with no time to waste. I was born by myself, I will die by myself.

Because the poem relates to defendant's intent prior to the "sin" he was "about to do", the 3.850 court reasonably found that the poem was relevant to the issue of premeditation. Moreover, he describes letting out "anger" and "hate" in such a way that he will be imprisoned and alone until death. This language can easily be construed to describe beating one's guardian to death with a bat. Thus, the evidence was not unfairly prejudicial.

Therefore, the 3.850 court was reasonable in concluding that petitioner failed to show a reasonable probability that the outcome of the trial would have been different had counsel moved to exclude the poem. That is, the 3.850 court was not unreasonable in finding that there was no reasonable probability that a trial judge would exclude the poem. Thus, it was not error for counsel to decline to move to exclude it.

Finally, petitioner argues that trial counsel's failure to preserve her file on him after the appeal amounted to a denial of due process rights. The petitioner never explains what he hoped to find in the file that would have changed his case. Also, petitioner and his current counsel had access to the extensive trial materials, including the court records of the pretrial competency proceedings, law enforcement materials, and the state court trial and appellate records. Also, petitioner, through counsel, engaged in postconviction discovery and presented numerous

witnesses during the postconviction evidentiary hearing.  Thus, he has not shown any prejudice from the missing file, even if it were error to not preserve it after the representation ended.

With regard to grounds 6 through 11, the Magistrate Judge recommends that these claims were not properly exhausted because petitioner did not fully brief them in the appeal of his 3.850 petition in state court.  In his objections, petitioner raises several factual and legal challenges to the Magistrate Judge's recommendation.  In order to fully develop this issue, the Court will recommit this matter to the Magistrate Judge under 28 U.S.C. § 636(b)(1) to allow him to consider the argument's raised in the objections regarding the exhaustion and, if necessary, merits of grounds 6 through 11.

**ORDERED AND ADJUDGED**:

The Report and Recommendation is accepted in part and recommitted to the Magistrate Judge in part, as set out above.  This matter is recommitted to the Magistrate Judge under 28 U.S.C. § 636(b)(1) as described above.

**DONE AND ORDERED** this *14th* day of August, 2014

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge