IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TAVARES EUGENE WILLIAMS,

    Petitioner,

v.                                               CASE NO. 1:11-cv-00022-MP-GRJ

SECRETARY DEPARTMENT OF CORRECTIONS,

    Respondent.

_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated January 21, 2015. (Doc. 53). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). After several extensions of time, petitioner has filed objections at Doc. 60. I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. The petition raises 11 grounds. In the initial Report and Recommendation, the Magistrate Judge recommended that grounds 1-5 were without merit and that grounds 6-11 were procedurally barred. The latter claims had been summarily denied by the 3.850 court, and, following state precedent, counsel raised the summarily denied arguments on appeal to the First DCA but did not fully brief them. Because of the lack of full briefing, the Magistrate Judge recommended that they are unexhausted.

The Court held that the Magistrate Judge was correct in recommending that grounds 1 through 5 are without merit and adopted the original Report and Recommendation on those grounds.  However, petitioner's counsel argued that State law was hardly clear with regard to whether briefing was required by state appellate court for claims summarily denied by the 3.850 court.  Some DCAs required it, some did not, and several certified the resulting conflict between DCAs.

Because of that, the Court's order recommitted grounds 6-11 to the Magistrate Judge to consider counsel's arguments.  The Magistrate Judge has now issued a supplemental Report and Recommendation which addresses whether arguments that were summarily denied by the 3.850 court, raised on appeal to the DCA but not fully briefed in the appellate brief to the DCA should be considered exhausted or unexhausted.

The Magistrate Judge correctly pointed out that the Northern District of Florida has typically considered waived any argument that was not raised before the DCA or not sufficiently argued before the DCA even if raised.  The petitioner, however, responds by showing that the DCAs are still split on the subject, and one DCA, the 2nd, had reversed itself on the issue in 2010.  Given the fact that there is such a split, and crediting defense counsel's assertion that she was relying upon state precedent which indicated that no briefing was necessary to fully raise claims in the appellate court that had been summarily denied by the 3.850 court, the undersigned will consider the claims at grounds 6-11 on the merits.

Unfortunately for petitioner, however, these claims fail on the merits.  First, petitioner argues that his counsel was deficient for failing to argue self defense based on physical and sexual abuse.  Petitioner provided no specifics of the alleged abuse except for abuse by his former father, which did not involve the victim.  Also, petitioner did not show how he reasonably

believed he was in imminent danger of serious physical injury.

Second, petitioner argues that his girlfriend's pretrial statements to the police about what petitioner said to her and did around the time of the murder were inconsistent with each other and with her trial testimony and that counsel should have used those inconsistencies to cross-examine the girlfriend.  The state court and the Magistrate Judge are correct in finding that the pretrial and trial statements did not directly contradict each other.  For example, in her initial interview, the girlfriend admitted that defendant came over at 5pm then left and came back at 7:30.  She also said that he told her "I'm going to die" when he left at 5.  In the same interview, she said that when he came back at 7:30, he said he had done what he said he was going to do.  Petitioner makes much of the fact that in a second interview, she had him saying "I have done what I said I would do" when leaving at 5 instead of when he came back at 7:30.  This minor detail does not negate his admission -- and her testimony that he told her essentially the same thing -- that he told the victim to close her eyes and wait and that he then took a few moments to retrieve the bat to hit her with.  He had plenty of time for reflection, which is all that is required for a jury finding of premeditation -- which was the only issue at trial.  Thus, nothing defense counsel could have asked the girlfriend would have changed the outcome.

Third, petitioner argues that counsel was ineffective for failing to more fully argue his motion for judgment of acquittal.  Again, the state judge and the Magistrate Judge are correct in finding that the evidence at the time of counsel's motion was sufficient to withstand a motion for judgment of acquittal and motion for new trial. As noted above, in addition to the girlfriend's testimony and the poem, petitioner also gave a statement to the police that he planned to kill the victim.  Although petitioner contests the admissibility of both the confession and the poem, whether counsel was ineffective for failing to properly suppress the confession or object to the

admissibility of the poem are separate issues that were addressed separately by the state court.

In the context of the trial, the confession, the poem, and the girlfriend's testimony were admitted into evidence for the jury to consider. During his confession, petitioner stated that after the victim came home he told her that he "had a surprise for her." Petitioner instructed her "to stand here and close [her] eyes." Petitioner then left her in the living room and went back to his room to get a bat. When he returned to the living room, he struck the victim in the head with the bat three times.

The period of time necessary for premeditated intent to kill need only be long enough to allow reflection by the petitioner. The intent "must exist for such time before the homicide as will enable the accused to be conscious of the nature of the deed he is about to commit and the probable result to flow from it in so far as the life of the victim is concerned. No definite length of time for it to exist has been set and indeed could not be." Sochor v. State, 619 So.2d 285, 288 (Fla. 1983).

Based upon this record, there was sufficient evidence of premeditation to allow the issue to go to the jury and to support the jury's guilty verdict. Thus, counsel was not ineffective for failing to argue that the State did not prove premeditation beyond a reasonable doubt when counsel moved for a judgment of acquittal and a new trial.

Fourth, petitioner alleges that the State violated Brady by failing to turn over notes of interviews with the girlfriend which showed that she stated that petitioner had told her that he was thinking about killing the victim a week before the murder and that "he could, but he wouldn't." In order for there to be a Brady violation, the statements must be material so as to establish prejudice. In other words, the evidence must create a reasonable probability that, if disclosed to the defense, the proceeding would have been different. Here, the statements show

that he had been thinking of killing the victim a week before he killed her.  This helps to prove premeditation as much as the "but I wouldn't" shows that he did not have the intent at that time.  The state court was not unreasonable in finding that this statement was not likely to change the outcome of the proceeding.

Finally, petitioner argues that his life sentence is cruel and unusual punishment under the Eighth Amendment, based on Graham v. Florida, 560 U.S. 48 (2010).  This argument was properly rejected for two reasons: (1) Graham applies only to juvenile offenders, and petitioner was 18 when the crime was committed; and (2) Graham applies only to non-homicidal crimes and specifically exempts murder from its purview.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The petition under 28 U.S.C. § 2254 is denied, and no certificate of appealability is appropriate in this case.

**DONE AND ORDERED** this   *24th* day of June, 2015

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge